Dear Representative LaBruzzo,
You have asked for the opinion of this office on whether a home must meet all aspects of the regulations in the Parish building code in which it stands in order to be deemed inhabitable by an insurance company. The specific concern is with that of insured homeowners who are not receiving payments under their policy's loss-of-use coverage because the insurer has deemed the home inhabitable although the home is not in compliance with the parish building codes.
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles.Smith v. Matthews, 611 So.2d 1377, 1379 (La. 1993). The parties' intent, as reflected by the words of the policy, determine the extent of the coverage. La.Civ. Code art. 2045;Louisiana Ins. Guar. Ass'n v. Interstate Fire Casualty Co.,630 So.2d 759, 763 (La. 1994).
Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Interstate,630 So.2d at 763; La.Civ. Code art. 2047. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Interstate, 630 So.2d at 763. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. Central La. Elec. Co. v. Westinghouse Elec. Corp.,579 So.2d 981, 985 (La. 1991). However, if after applying the other rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured. Interstate, 630 So.2d at 763-64. *Page 2 
A determination, then, of when a policy's loss-of-use provision is invoked will come from the language of the policy. Loss-of-use coverage generally is compensation for loss caused because the policyholder has lost the use of his property; that is, the property cannot be used for the purpose for which it is intended. In the case of a home, this means that the home is uninhabitable, or cannot be lived in.
The legislature has given authority to parishes and municipalities to adopt building codes in LSA.R.S. 33:4771 et. seq. A building code is defined in this section as follows:
 (2) "Building code" means any building, mechanical, plumbing, electrical, fire prevention, or other regulatory code or ordinance adopted by a political subdivision which establishes minimum standards for the use, occupancy, design, planning, engineering, construction, alteration, installation, repair, maintenance, location, removal, or demolition of any building, structure, or improvement to immovable property or for the quality of materials or equipment used in connection therewith.
Because a building code establishes minimum standards for the use of a dwelling, if the dwelling is not in compliance with the code of the parish in which it lies, this means that the parish or municipality which enacted such code has deemed it is not fit for use.
If the language of the policy lists the possible causes of loss-of-use and limits coverage to those reasons, then violation of building codes may or may not fall under such provision, depending on the language of the specific policy. However, if the language of the loss-of-use provision is not specific as to the cause of loss-of-use, then noncompliance with parish building codes means that it is not fit for use according to the plain, ordinary and generally prevailing meanings of use and inhabitability. In such a case, the policy is clear, unambiguous, and expressive of the intent of the parties, and the agreement must be enforced as written, to include coverage for the loss-of-use. Furthermore, if any ambiguity remains in the loss-of-use provision, the provision is to be construed against the drafter and in favor of the insured. *Page 3 
 Very Truly Yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ____________________________
 Jamie C. LeBoeuf
 Assistant Attorney General